IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------- x
: Chapter 11
In re: :
: Case No. 18-11028 (CSS)
GUITAR LIQUIDATION CORPORATION, :
: **Related Document: D.I. 273**
Reorganized Debtor.[1] :
---------------------------------- x

### FINAL DECREE CLOSING CHAPTER 11 CASE
### OF GUITAR LIQUIDATION CORPORATION

Upon consideration of the Distribution Agent's *Motion of the Distribution Agent For Entry of an Order Issuing a Final Decree Closing Chapter 11 Case, Terminating Claims and Noticing Services, and Granting Related Relief* (the "Motion");[2] and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Distribution Agent and the Reorganized Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

---

[1] The Reorganized Debtor in this case, along with the last four digits of the Reorganized Debtor's federal tax identification number is Guitar Liquidation Corporation, f/k/a Cakewalk, Inc. (2455). The Reorganized Debtor's corporate headquarters is located at 309 Plus Park Blvd., Nashville, TN 37217. The Reorganized Debtor's chapter 11 case was previously jointly administered under the chapter 11 case number of Gibson Brands, Inc., Case No. 18-11025 (CSS).

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

ACTIVE/101888602.9

#57254930 v1

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. This order constitutes a final decree in the chapter 11 case of Guitar Liquidation Corporation, which shall be effective on the date of entry of the decree. The Clerk of the Court shall forthwith close this case.

3. Pursuant to section 350 of the Bankruptcy Code and Bankruptcy Rule 3022, effective immediately as of the entry of this Order, the chapter 11 case of Guitar Liquidation Corporation **is hereby closed** and a final decree is hereby granted. The caption of the case to be closed is as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| GUITAR LIQUIDATION CORPORATION, | Case No. 18-11028 (CSS) |
| Reorganized Debtor. | |

4. The entry of this Final Decree is without prejudice to the rights of any party in interest, including, without limitation, the Reorganized Debtors or the U.S. Trustee, to seek to reopen this case pursuant to section 350(b) of the Bankruptcy Code.

5. To the extent it has not already done so, the Distribution Agent shall complete all remaining quarterly reports and pay all quarterly fees due and owing in this case within 30 days of entry of this Final Decree.

6. Pursuant to Article V.B of the Plan, upon the distribution of the funds held by the Distribution Agent in the Distribution Account, the Distribution Agent shall be automatically deemed dissolved and liquidated without any further action. The Reorganized Debtors shall continue to hold the TEAC Shares in which certain creditors received Profits Interests under the Plan and shall exercise commercially reasonable efforts to investigate opportunities for a value maximizing sale of the TEAC Shares pursuant to Article V.Y of the Plan.

7. The Services provided in this chapter 11 case by Prime Clerk are terminated in accordance with the Motion and this Order. Pursuant to Local Rule 2002-1(f)(ix), within twenty-eight days of entry of this Order, Prime Clerk shall (a) forward to the Clerk an electronic version of all imaged claims; (b) upload the creditor mailing list into CM/ECF; and (c) docket in this case a Final Claims Register. Prime Clerk also shall box and deliver all original claims to the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims. Thereafter, Prime Clerk shall have no further obligations to this Court, the Distribution Agent or the Reorganized Debtors, or any other party in interest with respect to any Services in the chapter 11 case.

8. Should Prime Clerk receive any mail regarding the Distribution Agent or any Reorganized Debtors after entry of this Order, Prime Clerk shall collect and forward such mail no less frequently than once a month to Reorganized Debtor Gibson Brands, Inc.

9. This Court shall retain jurisdiction with respect to any and all matters arising from or related to the interpretation of this Final Decree.

Dated: March 25th, 2020
Wilmington, Delaware

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**

ACTIVE/101888602.9
#57254930 v1